**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 2:06cr46

TRAVIS SENTEL GRANGER,

        Defendant.

<u>ORDER</u>

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on May 5, 2006, on the United States Government's motion to detain Defendant. The Court FINDS that the following facts mandate Defendant's detention pending his trial.

On March 30, 2006, a federal grand jury issued an indictment charging Defendant with three (3) criminal counts, including carjacking, in violation of 18 U.S.C. § 2119; conspiracy to commit carjacking, in violation of 18 U.S.C. § 371; and brandishing of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Defendant having been indicted, a statutorily-rebuttable presumption in favor of detention applies in this case because one or more of the charged offenses involves a firearm charge described under 18 U.S.C. § 924(c). <u>See</u> 18 U.S.C. § 3142(e).

Both the Government and Defendant, by counsel, proceeded by proffer of evidence and each offered argument. The Court, having taken into consideration the proffers of counsel, the Pretrial

Services Report, the grand jury indictment of March 30, 2006, and the statutory presumption in favor of detention,[1] FINDS by clear and convincing evidence that Defendant is a danger to the community. The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the safety of the community.

The Court considered the nature and seriousness of the charges faced by Defendant. The allegations of Defendant's misconduct include the brandishing of a firearm during the commission of a carjacking, resulting in the abduction of, and injuries to the vehicle's occupant, which the Court deems serious. If convicted on evidence beyond a reasonable doubt at trial, Defendant faces significant penalties and fines on the various charges, including as much as five (5) years imprisonment and a fine of $250,000 on the conspiracy charge (Count 1); fifteen (15) years and a fine of $250,000 on the carjacking charge (Count 2); and a mandatory minimum of seven (7) years imprisonment on the brandishing charge (Count 3).

The weight of the evidence against Defendant is relatively strong. The Government has proffered that it has procured the

---

[1]The Court notes that Defendant did proffer at least some evidence to rebut the statutory presumption in favor of detention, but that presumption still remains a factor to be considered by the Court in evaluating whether Defendant should be detained. See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991) (holding that "rebutted presumption retains evidentiary weight").

cooperation of Defendant's co-conspirators who are willing to testify that on or about May 9, 2004 Defendant was knowingly and voluntarily involved in a conspiracy to commit carjacking, and that on or about that date Defendant provided a vehicle, which he drove, in furtherance of that carjacking, and that he provided a firearm that was brandished by a co-conspirator during the carjacking. The Government also proffered that Defendant was involved with the same co-conspirators in stripping the carjacked vehicle of its contents and in the continuation of the conspiracy until on or about May 14, 2004 by facilitating the removal of the vehicle to another jurisdiction by a co-conspirator. Defendant's rebuttal to Government's proffered facts and evidence centered on questioning the credibility of the Government's witnesses, each of whom arguably has something to gain in exchange for cooperating with the Government's investigation.

The Court next considered the personal history and characteristics of Defendant. Defendant is twenty (20) years old and appears to be a lifelong resident of Hampton Roads, Virginia with significant ties to the local area. Defendant's work history is almost nonexistent, and he has no current income source or assets, as compared to more than two thousand ($2,000) dollars in court fines for which he is in arrears. The Court notes that Defendant's mother, Joann Granger Whitaker, with whom he has resided since 2003, including the time at which he was arrested on

the current charges, was willing to serve as a third-party custodian. Given her own criminal record, however, the Court finds that Ms. Whitaker is not a suitable candidate for third-party custodianship in this matter. Nevertheless, the Court does not find by a preponderance of evidence that Defendant represents a risk of flight.

The Court also notes Defendant's extensive criminal history, which includes seven (7) misdemeanor convictions, of which five (5) involve driving on a suspended driver's license, and there is one (1) pending misdemeanor charge for possession of marijuana. The Court is particularly concerned with the serial nature of Defendant's criminal activity, which reflect Defendant's complete disregard for following the law. This behavior, taken in conjunction with the severity and inherently-violent nature of the instant charges, leads the Court to conclude that Defendant would not likely abide by any terms and conditions that the Court might fashion to ensure the safety of the community.

In view of the facts as set forth above, the Court FINDS by clear and convincing evidence that Defendant represents a danger to the community. The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community.

The Court, therefore, ORDERS Defendant to be DETAINED pending his trial. See 18 U.S.C. § 3142(e) and (f); United States v.

Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS Defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant.

/s/
F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia

May 5, 2006